By the Court.
This is an action in, mandamus by the village of Maple Heights to compel the clerk of said village to certify certain assessments to the auditor of Cuyahoga county.
The petition alleges that in accordance with the provisions of the statutes regulating the levying of assessments according to benefits, proceedings were had whereby certain special assessments were levied according to benefit upon the lots and lands bounding and abutting upon a certain street in said village for the purpose of improving said street. The improvement was constructed and the cost of the improvement exceeded the estimated cost by a substantial sum. Thereafter the council adopted an ordinance levying and assessing an additional pro rata assessment upon the lots and lands theretofore assessed for the improvement, and requiring the certification thereof by the clerk of the village *265 to the auditor of the county to be placed upon the tax duplicate for collection as other taxes are collected. The clerk refused to so certify said assessments for the reason that no estimating board was appointed prior to the adoption of the ordinance for the purpose of determining the amount of the benefits and the apportioning of the assessment among such lots and lands.
It was admitted in argument that no notice of the additional assessment was given to the owners of the lots and lands so attempted to be assessed, and this will be considered as though so plead.
To this petition a general demurrer was filed by the clerk of the village.
Sections 3847, 3895 and 3909, General Code, read as follows:
“Sec. 3847. When it is determined to assess the whole or part of the cost of an improvement in proportion to the benefit which may result therefrom, as provided for herein, the council may appoint three disinterested freeholders of the corporation to report to it the estimated assessment of such cost on the lots and lands to be charged therewith, in proportion as nearly as may be, to the benefits which may result from the improvement to the several lots or parcels of land so assessed, a copy of which assessment shall be filed in the office of the clerk of the corporation for public inspection.”
“Sec. 3895. Before adopting an assessment made as provided in this chapter, the council shall publish notice for three weeks consecutively, in a newspaper of general circulation in the corporation, that such assessment has been made, and that *266 it is on file in the office of the clerk for the inspection and examination of persons interested therein.”
“Sec. 3909. If an assessment proves insufficient to pay for the improvement and expenses incident thereto, the council may, under the limitation prescribed for such assessment, make an additional pro rata assessment to supply the deficiency. In case a larger amount is collected than is necessary, it shall be returned to the persons from whom it was collected, in proportion to the amounts collected from such persons respectively. This section shall be subject to the limitations contained in other sections of this chapter.”
The question here is whether before adopting the additional assessment the council must again comply with Sections 3847 and 3895.
All three sections are in the same chapter and the fact that their relative positions in the chapter have not always been the same does not seem to us significant in view of the fact that both Section 3895 and Section 3909 expressly declare their applicability to the chapter.
Certainly the same reason that would impel the legislature to require a notice to be published before a first assessment is. made would with equal force apply to. a second and additional assessment, for it is a matter of common knowledge that it is the additional burden that often makes the original burden unbearable, and the owner of the land assessed might acquiesce in one assessment which he believed represented the full measure of his benefit but strenuously object to an additional *267 assessment which he believed exceeded his benefit by the exact amount of the additional assessment.
•Entertaining these views, we do not feel warranted in attempting by judicial construction to either read anything into or anything out of the statutes as enacted, and therefore the demurrer is sustained and the writ refused.

Demurrer sustained and writ refused.

Jones, Matthias, Johnson, Donahue, Wanamaker and Robinson, JJ., concur.